### John Langdon et al. *v.* Joel H. Kirtly et al.

**Marriage—Question for Jury.**

Whether the marriage relation existed between two persons at a given date, is a question for the jury under proper instructions.

**Husband and Wife—Deed by Woman—Marriage Relation.**

Where a deed from a woman to a man, among other things, recited that she was the lawful owner of the premises and "hath good right, full power, and lawful authority to sell and convey the same in manner and form aforesaid," it contains a general warranty to the grantee and his heirs, and to some extent repels the conclusion of the existence of the marriage relation between the grantor and the grantee.

**Trial—Instruction.**

An instruction which does not inform the jury in express terms that their finding must be from the evidence, is not fatally defective, where such is implied from the language of the instruction.

**Marriage—Instruction.**

The court properly instructed the jury as to the common-law marriage, and as to presumptive evidence of marriage and marriage contracts.

APPEAL FROM BOONE CIRCUIT COURT.

March 31, 1874.

OPINION BY JUDGE PETERS:

Whether there was a marriage existing between William F. Langdon and Polly Langdon on the 20th of September, 1833, the date of the deed from her to him, was a question of fact which it was the province of the jury, after a careful consideration of all the evidence heard by them, to decide; and if the law of the case was properly expounded to them by the presiding judge, their determination and the judgment of the court thereon are beyond the power of this court to control. We therefore proceed at once to an examination of the instructions asked for by appellants, and refused, and those given on motion of appellee, and by the court *sua sponta* to which appellants excepted.

Instruction "No. 1," given by the court on motion of appellants, is very comprehensive and expresses very clearly the law arising on the issues presented by the pleadings. In the deed from Polly Langdon to William F. Langdon there is not a recital nor an assertion that she was his wife; it states the consideration to be two thousand five hundred dollars in hand paid, and contains a covenant on her part that she is the true and lawful owner of the premises therein granted, and "hath good right, full power, and lawful authority to sell and convey the same, in manner and form aforesaid;" and further that she, the said Polly Langdon, her heirs, executors and administrators, will warrant and forever defend the aforesaid premises with their appurtenances, and every part thereof, unto the said William F. Langdon, his heirs and assigns, against all persons claiming or to claim, by, from, or under her or her heirs or assigns, or by, from, or under any other person or persons whomsoever.

These declarations, if at the time she made them she was the wife of William F. Langdon, could not be true, and having been made in the most formal and solemn manner, and without allegation or proof that they were procured by undue influence, force, or fraud on the part of the grantor or any one else, repel the conclusion, to some extent, that at the time they were made the relation of husband and wife existed between the parties. Nor is the fact that she executed the deed as Polly Langdon of itself evidence of

the existence of a marriage between the parties sufficient to estop those claiming under William F. Langdon. Instruction No. 2, therefore, as asked by appellant, was properly refused.

There was but one instruction given on motion of appellees, which was to the effect that if the jury should find Polly Langdon was not the wife of William F. Langdon at the date of the deed, they should find for the defendants. It is true that the jury are not told in express terms that their finding must be from the evidence, but the language implied that, and the jury must have so understood the instruction.

The first instruction given by the court, gave to the jury what, by the common law, was necessary to constitute a marriage, confining the evidence to very few and simple facts, and dispensing with the formal requisites of the statute law of the state on the subject. And in the second instruction it tells them that cohabitation and recognition by the parties are presumptive evidence of marriage, which may be overcome by other evidence.

After telling the jury that marriage is a contract entered into by two persons, able and willing to contract, and consenting to take each other for husband and wife during their joint lives, he then tells them that cohabitation and recognition constitute presumptive evidence of the marriage, which, however, may be overcome by other evidence. This was as favorable an exposition of the law for appellants as they had a right to have it.

In this case there was no direct proof of an actual marriage; the evidence consisted of cohabitation, recognition, and the support and education of their offspring. It may be admitted that these facts afford strong *prima facie* evidence of a marriage in fact; but that *prima facie* evidence is confronted by strong facts, which may well have induced the jury to find the verdict which was returned in this case.

This court, in Sneed v. Ewing & Wife, 5 J. J. Marsh. 460, said: "Cohabitation and recognition create a presumption, but nothing more than a presumption, of marriage."

As the evidence sustains the verdict of the jury, and no error is perceived in the rulings of the court below on questions of law arising in the case, the judgment must be affirmed.

*Fisks, for appellants.*

*Landrum, Calvert, Winston, Pryor, for appellees.*